**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**December 2, 2025**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1135-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2022CT980**

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-APPELLANT,

V.

BILLY RAY EDWARD JOHNSON,

DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Milwaukee County: HANNAH C. DUGAN, Judge. *Reversed and cause remanded with directions*.

¶1 WHITE, C.J.[1] The State of Wisconsin appeals from an order of the circuit court finding that the State could not adequately authenticate a portion of

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

certain police officer body camera footage, given that the officer who captured the footage is now deceased. As a result, the court denied the State's motion to admit the footage, and granted Johnson's motion to dismiss the case. For the following reasons, we disagree and reverse.

## BACKGROUND

¶2 Billy Ray Edward Johnson was charged with operating a motor vehicle while under the influence (2nd offense), operating with a prohibited alcohol concentration (2nd offense), operating a motor vehicle while revoked, and failure to install an ignition interlock device. The complaint alleged that on October 6, 2020, at approximately 4:52 p.m., Milwaukee Police Department (MPD) Officer Mark Swieciak conducted a traffic stop of a vehicle for speeding. Officer Swieciak noted that Johnson, the driver, had slurred speech and glossy, red eyes; smelled of alcohol; and was stumbling as he walked. Johnson agreed to perform field sobriety tests, submitted to a preliminary breath test, resulting in a reading of 0.19, and was subsequently placed under arrest. After being transported for booking, Johnson refused to submit to an intoximeter test. Officer Swieciak subsequently obtained a warrant for a blood draw, which resulted in a reading of 0.211. Further, at the time of the traffic stop, Johnson was under a court order to have an ignition interlock device installed in his vehicle, as a result of a previous OWI conviction from June 2020. Johnson did not have an ignition interlock device installed at the time of the traffic stop and was driving with a revoked license.

¶3 Prior to trial, the State notified the defense that Officer Swieciak was now deceased. The State had moved to specifically include the first four minutes and 30 seconds of Officer Swieciak's body camera footage, which showed

Johnson driving the vehicle. Johnson objected, arguing that the portion of the body camera footage in question depicted events that no other officer had personally observed, and thus could not meet the requirements of authentication, lacked foundation, and would raise Confrontation Clause issues.

¶4    The State still sought to include the entirety of Officer Swieciak's body camera footage, arguing that another MPD officer, Officer Balistreri, had arrived on scene approximately five minutes after Officer Swieciak and could attest to the authenticity of the last 35 minutes of remaining footage. To bolster its argument, the State submitted the affidavit of MPD Officer Jeffrey Vavera, who worked in the MPD Field Technology Unit. Officer Vavera attested that the process of recording on a body camera is initiated by the recording officer, whose only options are to turn the device on and off and that the recording officer cannot edit or alter a recording once it has been made. The entire recording is then downloaded as a single file to the Department's interface, at which point the recording officer only has the ability to view the recording, not to edit it. When the recording is needed for evidentiary or other purposes, a copy is made, which may have some parts redacted, but the original is never altered. After downloading, the file is maintained on the Department's provider's system (Axon), which has protocols and firewalls limiting access to the server to prevent hacking or unauthorized alteration. Officer Vavera further averred that he had reviewed the entirety of Officer Swieciak's body camera footage and nothing would lead him to believe that the footage had been altered in any way. The State relied upon Officer Vavera's affidavit in arguing that "[i]f the last 35 minutes [of the video] is authentic, then the first 5 minutes is also authentic."

¶5    At a subsequent hearing on the motion, the State argued that "the bar for authentication is low" and that all it had to do was "show that [the video] is

3

what it purports to be." The State argued that "most … of the recording can be authenticated by another officer who arrived a few minutes after the tape [] recording begins," but that its "position [was] that since it is one single recording, that that type of authentication is sufficient." The State acknowledged that the initial portion of the video was the only portion which showed Johnson actually driving the vehicle, stating "[a]nd it is frankly, the only evidence I have that I can show to the jury that he was in fact driving." The State argued, however, that the video is "one chunk, one piece of evidence … you don't have to authenticate each and every millisecond each and every electron of the recording."

¶6 In opposition, Johnson argued that "to say that if some of [the video] is authentic, all of it is, would do away with the due process protections that [he] should be accorded in court." In rendering its decision, the circuit court stated that "[WIS. STAT. §] 909.01 does require authentication, or identification as a condition precedent to admissibility, sufficient to support a finding." The court stated that it did not believe authentication through circumstantial evidence would meet that standard. The court went on to say, "[i]f we had a photo array of stills that some were taken by one person, and some were taken [by] the other, they'd have to be authenticated by the people that actually took the pictures." Further, the court stated that there is "roughly five minutes of the recording that cannot be authenticated by the officer who's passed." Ultimately, the court denied the State's motion to admit the video footage "because [Officer Swieciak] cannot authenticate that first five minutes. And even if [] it could be authenticated,

there's a [C]onfrontational [C]lause issue with that the other officer cannot testify to that segment[.]"[2]

¶7 Subsequent to the circuit court's ruling, Johnson moved to dismiss the case because "without the admission of this piece of evidence, [the State] cannot prove an essential element of the case that Mr. Johnson operated a motor vehicle on a highway." The court granted Johnson's motion, and the State now appeals.

## DISCUSSION

¶8 It is within the circuit court's discretion to admit or exclude evidence, and the court of appeals may overturn its decision only if there was an erroneous exercise of discretion. *State v. Giacomantonio*, 2016 WI App 62, ¶17, 371 Wis. 2d 452, 885 N.W.2d 394. We will uphold the circuit court's decision to admit evidence if it "examined the relevant facts, applied a proper legal standard, and, using a demonstrated rational process, reached a reasonable conclusion." *Id.* (citation omitted). This court will not find an erroneous exercise of discretion if the record contains a reasonable basis for the circuit court's ruling. *State v. Hammer*, 2000 WI 92, ¶21, 236 Wis. 2d 686, 613 N.W.2d 629. A reviewing court

---

[2] While the court focused on the authentication issue, it did briefly acknowledge the "Confrontation Clause issue" to which Johnson briefly referenced in his written objection to the State's motion. The court stated at that time that the Confrontation Clause issue was ancillary to the authentication issue, but stated that, even if the footage could be authenticated, a Confrontation Clause issue still existed. In contrast, in its written decision memorializing its oral decision, the circuit court characterized the Confrontation Clause issue as being Johnson's "essential argument," stating that "even *if* the officers could authenticate the video, the Defendant's right to confrontation of accusers is unconstitutionally denied; the deceased officer's stop and other observations prior to the subsequent arrival of living subpoenaed officers cannot be confronted or cross-examined."

is not permitted to "substitute its discretion for that of the circuit court." ***State v. Rhodes***, 2011 WI 73, ¶26, 336 Wis. 2d 64, 799 N.W.2d 850.

¶9 At the motion hearing, the circuit court equated Officer Swieciak's body camera footage with "a bunch of little pictures," stating that, "[i]f we had a photo array of stills that some were taken by one person, and some were taken [by] the other, they'd have to be authenticated by the people that actually took the pictures." The court denied the motion to include Officer Swieciak's body camera footage "because he cannot authenticate that first five minutes." The court's reasoning was that "if the purpose of authentication is to testify about it, he can't testify about it," and thus "the purpose of authentication is lost on this case."

¶10 On appeal, the State argues that the evidence it presented was sufficient to meet the "low" standard required for authentication. The State asserts that there is little doubt that the camera footage is what it claims to be: a recording of Officer Swieciak stopping the vehicle and the subsequent events which led to Johnson's arrest. The State also notes that no serious factual challenge had been raised by the defense. Further, it asserts that the court's ruling—that each and every second of the recording must be authenticated through testimony of the person who created the recording—would improperly elevate WIS. STAT. § 909.015(1) to be the single most important factor to serve as a basis for a finding of authenticity.

¶11 The State also points out that no contrary evidence was presented to refute the assertion that Officer Swieciak's body camera footage contained one single, unedited unit, which was sworn to by Officer Vavera in his affidavit and no evidence of tampering or alteration had been presented or suggested. The State argues that the second set of footage, taken by Officer Balistreri's body camera,

matches the final 33 minutes of Officer Swieciak's body camera footage, and if the final 33 minutes of body camera footage are authentic, there is no reason to conclude that the first few minutes are inauthentic, particularly in the absence of any indication to the contrary.

¶12     Ultimately, the State argues that the authentication standard can be met here in at least four ways: (1) through the anticipated testimony of Officer Balistreri, who was on-scene with Officer Swieciak for approximately 33 of the 39 minutes of Officer Swieciak's body camera footage, *see* WIS. STAT. § 909.015(1); (2) through the recording itself, which bears distinctive characteristics of appearance, content, substance, and internal patterns, taken in conjunction with the circumstances and lack of evidence of alteration, *see* § 909.015(4); (3) through the evidence described in Officer Vavera's affidavit, which describes the process used to produce the recording and shows that the process produces accurate results, *see* § 909.015(9); and (4) through the recording itself, in the sense that it is a data compilation from a public office, *see* § 909.015(7).  The State also asserts that the jury will determine the weight to be given to the footage, but there is no basis to deny admissibility given the variety of statutory pathways supporting a finding of authenticity.

¶13     In contrast, Johnson insists that the circuit court did not erroneously exercise its discretion when it denied the admission of Officer Swieciak's body camera footage.  Johnson asserts that the court could reasonably conclude that the State failed to authenticate the footage because it relied on self-serving statements

about what two other officers would testify to, without calling either officer as a witness at the motion hearing.[3]

¶14 Authentication is a prerequisite to the admissibility of all evidence. *Nischke v. Farmers & Merch. Bank & Tr.*, 187 Wis. 2d 96, 106, 522 N.W.2d 542 (Ct. App. 1994). It is established "by evidence sufficient to support a finding that the matter in question is what its proponent claims." WIS. STAT. § 909.01. Authentication does not require proving that the evidence is incontrovertibly what it purports to be, but rather authentication requires presenting evidence sufficient to support a finding that the evidence is what it purports to be. *Horak v. Building Servs. Indus. Sales Co.*, 2012 WI App 54, ¶13, 341 Wis. 2d 403, 815 N.W.2d 400. "One way to lay a foundation is through the '[t]estimony of a witness with knowledge that a matter is what it is claimed to be.'" *Giacomantonio*, 371 Wis. 2d 452, ¶20 (quoting WIS. STAT. § 909.015(1)). Alternatively, § 909.015(4) permits evidence to be authenticated through its "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances." *Id.* Additionally, authentication can be done through circumstantial evidence. *Giacomantonio*, 371 Wis. 2d 452, ¶20. Arguments as to fabrication go to the weight of the evidence, not its admissibility under authentication principles. *Id.*, ¶24.

---

[3] Johnson also argues that the State cannot prevail on appeal because the State failed to include the footage from Officer Swieciak's body camera in the record. We disagree. There is no factual issue related to the contents of the body camera footage being raised by either party, and the circuit court also noted in its decision that this issue is one of law, not of fact. Thus, there would be no logical reason for the State to include the footage in the record nor for this court to review it.

¶15 When presented with a challenge to the admissibility of Fitbit device data in a homicide case, our supreme court rejected a challenge arguing that the State needed to authenticate the specific information within the Fitbit records. *State v. Burch*, 2021 WI 68, ¶¶33-34, 398 Wis. 2d 1, 961 N.W.2d 314. Our supreme court concluded that the defendant's demand that the State show that the Fitbit device had accurately captured data from the date in question and that the data was accurately transmitted without any manipulation "reache[d] beyond the threshold question authentication presents." *Id.*, ¶34.

¶16 *Burch* held that the circuit court's obligation for authentication was "simply to determine whether a fact-finder could reasonably conclude evidence is what its proponent claims it to be." *Id.* In that case, the circuit court had reviewed Fitbit's records and the affidavit of "a duly authorized custodian of Fitbit's records" averring that the records were "true and correct copies of Fitbit's customer data records[.]" *Id.* Relevant here, our supreme court held that "[t]he circuit court's obligation is not to scrutinize every line of data within a given record and decide whether each line is an accurate representation of the facts." *Id.* Instead, after the court concludes that "the fact-finder could find that the records are what their proponent claims them to be, the credibility and weight ascribed to those records are questions left to the finder of fact." *Id.*

¶17 Similarly, the circuit court's obligation here was not to scrutinize each and every second of Officer Swieciak's body camera footage and decide whether each frame was an accurate representation of what occurred. Instead, the court was tasked solely with determining whether a fact-finder *could* conclude that the footage is what the State claimed it to be. The court did not follow this pattern of analysis and instead proceeded on an improper standard of law.

¶18     The circuit court's decision to deny admission of Officer Swieciak's body camera video footage was based on its incorrect belief that Officer Swieciak's testimony would be the only way to authenticate the footage.[4]   The court did not consider the other possible means of authentication as provided in WIS. STAT. § 909.015: the affidavit of Officer Vavera, which detailed the ways in which body camera footage is captured, collected, and stored by the MPD, and the potential testimony of Officer Balistreri, which could have authenticated that portion of Officer Swieciak's body camera footage which was consistent with his own.   The court did so, not based on an analysis of the ways in which the State sought to authenticate the footage, but based on the mistaken belief that only Officer Swieciak's testimony could serve to authenticate it.   In doing so, the court applied the wrong standard of law to its decision and erroneously exercised its discretion.  *See **Giacomantonio***, 371 Wis. 2d 452, ¶17.   Officer Swieciak's direct testimony would not be the only possible way for the footage to be authenticated, and we therefore remand this case so that the court may apply the proper legal standard.

¶19     We acknowledge that Johnson briefly argues there is a Confrontation Clause issue and asserts that the State has forfeited any argument by not

---

[4] The record reflects that the circuit court's oral and written decisions differed on the rationale for denying admission of the footage.   The court's oral decision equated Officer Swieciak's body camera footage with a collection of still photographs, each of which would need to be—and could only be—authenticated by the officer who captured the video.   However, the court cited no legal authority for the proposition that a selection of video footage is the equivalent to a collection of photographic stills.   Thus, in equating the body camera footage to a collection of still pictures, each frame needing separate authentication, the court went beyond the threshold authentication question and instead placed an improper burden on the State.  *See **State v. Burch***, 2021 WI 68, ¶34, 398 Wis. 2d 1, 961 N.W.2d 314.   In contrast, the court's written decision concluded that a Confrontation Clause argument was essential, but offered no analysis to explain its conclusion.   We ultimately conclude that neither decision addressed the proper standard of law.

addressing it in its brief-in-chief;[5] however, we conclude that Johnson's Confrontation Clause argument has not been adequately developed.

¶20 "The necessity of lodging an adequate objection to preserve an issue for appeal cannot be overstated." *State v. Agnello*, 226 Wis. 2d 164, 172, 593 N.W.2d 427 (1999). This is, in part, to ensure that the court has "notice of the disputed issues" and "a fair opportunity to prepare and address them in a way that most efficiently uses judicial resources." *Id.*, at 172-73. "A party must present the specific argument urged on appeal and cannot rest on having addressed the same general issue." *Soo Line R.R. Co. v. Consolidated Rail Corp.*, 965 F.3d 596, 601 (7th Cir. 2020). "Although the argument need not be present in all its particulars and a party may elaborate in its appellate briefs, … a conclusory argument that amounts to little more than an assertion does not preserve a question for our review." *Id.*

¶21 Johnson's objection to the circuit court made no more than a conclusory statement as to the Confrontation Clause, and his argument on appeal is simply that the State has forfeited the issue. In addition, the circuit court's oral decision at the motion hearing was inconsistent with its written decision as to this issue, and because there was no meaningful analysis provided by the court, we are unable to review what role, if any, the Confrontation Clause played in the court's decision. As such, we decline to further address this issue.

---

[5] As the record reflects that the circuit court made conflicting statements and provided no analysis on the relevance of the Confrontation Clause, it would be entirely reasonable for the State to believe that the Confrontation Clause issue was not being addressed by the court at that time, and that the court's decision was based on the authentication issue alone. We thus cannot conclude that the State has forfeited the issue.

**CONCLUSION**

¶22 Based on the foregoing reasons, we reverse the circuit court's order denying the State's motion to admit Officer Swieciak's body camera footage and granting Johnson's motion to dismiss the case. We remand and instruct the court to properly apply and analyze the law of authentication as addressed herein. We note that we decline to address the Confrontation Clause issue at this time, as it has not been adequately developed. If Johnson would like to maintain this argument on remand, the issue must be adequately developed and the circuit court should clarify in its decision what role, if any, the issue plays in its decision to grant or deny the State's motion to admit the bodycam footage.

*By the Court.*—Order reversed and cause remanded with directions.

This opinion will not be published. *See* Wis. Stat. Rule 809.23(1)(b)4.